

Marian F. Harrison
US Bankruptcy Judge

Dated: 5/11/2016

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 313-00157 |
| HOLLY GRONER, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) (by interchange) |
| | ) |
| | ) CHAPTER 13 |
| | ) |

_____

## OPINION
_____

This matter came before the Court on the Chapter 13 Trustee's objection to the debtor's motion to modify her plan. The Chapter 13 Trustee objected to the motion because the proposed modifications would shorten the length of the debtor's confirmed plan below the applicable commitment period, as required by 11 U.S.C. § 1325(b), without paying unsecured creditors in full. The Court agrees with the Chapter 13 Trustee.

## I. <u>FACTS</u>

The relevant facts of this matter are stipulated by the parties. The debtor filed her Chapter 13 petition on January 9, 2013. At the time of the filing, the debtor was an above-median debtor. The debtor's plan was confirmed on February 14, 2013. Pursuant to the confirmed plan, the debtor was required to remit payments to the Chapter 13 Trustee in the

amount of $160 bi-weekly. The plan guaranteed a minimum dividend to unsecured creditors of 28% with an unsecured pool of no less than $14,525 and a plan base of at least $20,800. The debtor made payments into the plan pursuant to a payroll deduction order and has remained current.

On February 29, 2016, the Chapter 13 Trustee received a payment of $9000 from the debtor. This amount was sufficient to meet the guaranteed minimum dividend, the unsecured pool, and the base. These funds represented a distribution from the debtor's 401(k), which was an exempt asset. On March 1, 2016, the debtor filed a motion to modify the plan in order to reduce the commitment period so that her case could proceed to closure. At the time of the hearing, the debtor's case had been active for 39 months. As a result of the lump sum payment, unsecured creditors would receive a guaranteed minimum distribution of more than 50%. The debtor is attempting to complete her plan early so that she may purchase a new home.

## II. DISCUSSION

The sole issue before this Court is whether 11 U.S.C. § 1325(b) applies to plan modifications. The "applicable commitment period" was first introduced in 2005 when Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA"). Under BAPCPA, if a trustee objects to plan confirmation, the court cannot confirm the debtor's proposed plan unless "the plan provides that all of the

debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). The "applicable commitment period" depends on whether the debtor's income is above or below the median income. The applicable commitment period for above-median income debtors is five years, and the applicable commitment period for below-median income debtors is three years. 11 U.S.C. § 1325(b)(4)(A). In any case, the applicable commitment period may not be less than three or five years (whichever applies) unless the debtor's plan pays all allowed unsecured claims in full over a shorter period of time. 11 U.S.C. § 1325(b)(4)(B). Here, the debtor was an above-median income debtor.

Plan modifications are governed by 11 U.S.C. § 1329, which provides in relevant part:

(a) At any time after confirmation of the plan but before completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

* * * *

(2) extend or reduce the time for such payments

* * * *

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

* * * *

(c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original

confirmed plan was due, unless the court, for cause, approves a longer period, but the Court may not approve a period that expires after five years after such time.

Section 1329(b) does not expressly provide that a debtor's ability to modify a confirmed plan under Section 1329(a) is subject to the commitment period requirement of Section 1325(b), and courts are in disagreement as to whether it applies. This Court is persuaded by those cases holding that the commitment period requirements apply to a modification request when the debtor does not propose to pay unsecured creditors in full.

First, the Court finds that the requirements of Section 1325(b) are incorporated into Section 1329(b). Specifically, Section 1329(b) requires that a modified plan comply with the requirements of Section 1325(a). In turn, Section 1325(a) incorporates Section 1325(b) by providing that "[e]xcept as provided in subsection (b), the court shall confirm a plan if" the requirements of Section 1325(a) are satisfied. Thus, the cross-reference in Section 1325(a) and Section 1325(b) suggests that subsection (b) comes into play whenever subsection (a) is applicable. *See In re Keller*, 329 B.R. 697, 702 (Bankr. E.D. Cal. 2005).

Moreover, this interpretation is most consistent with Congressional intent in enacting BAPCPA. *See* H.R. Rep. No. 109–31, pt. 1, at 2 (2005), as reprinted in 2005 U.S.C.C.A.N. 88, 89 ("The heart of [BAPCPA's] consumer bankruptcy reforms . . . is intended to ensure that debtors repay creditors the maximum they can afford."); *see also In re Wisham*, 416

4 - U.S. Bankruptcy Court, M.D. Tenn.

B.R. 790, 798 (Bankr. M.D. Fla. 2009) ("The Court recognizes the stated desire of Congress to maximize the funds that are paid to unsecured creditors in bankruptcy cases.").  Clearly, this Congressional intent "would be contravened by permitting confirmation of a bankruptcy plan for less than five years when unsecured claims have not been paid in full."  *Whaley v. Tennyson (In re Tennyson),* 611 F.3d 873, 879 (11th Cir. 2010).  In turn, "[t]here would be little point in requiring an above-median income debtor to propose a five-year plan for purposes of confirmation if that same debtor could simply turn around and modify [his] plan to provide for a lesser term."  *In re King,* 439 B.R. 129, 135 (Bankr. S.D. Ill. 2010).

### III. CONCLUSION

Accordingly, the Court finds that the Chapter 13 Trustee's objection should be sustained and the debtor's motion to modify her confirmed Chapter 13 plan should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.